Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6249 | **DATE** | 9/11/2002 |
| **CASE TITLE** | ASSOCIATED TEXTILE, INC. Vs. PALANISWAMY VEERARAJA, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____ .
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(7) ☐ Trial[set for/re-set for] on _____ at _____ .
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court denies defendants' motion to dismiss [6-1] and grants plaintiff's motion to strike [12-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 12 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 21 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ASSOCIATED TEXTILE, INC., an Illinois Corporation, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Judge Ronald A. Guzmán |
| PALANISWAMY VEERARAJA, a foreign (alien) individual, and KAYPEE EXPORTERS, a foreign (alien) concern, ) ) ) ) ) | 01 C 6249 |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Associated Textile, Inc. ("ATI") has sued Palaniswamy Veeraraja ("Raja") and Kaypee Exporters ("Kaypee") for breach of a joint venture agreement (Count I), fraudulent inducement (Count II), tortious interference with contract (Count III), and unjust enrichment (Count IV). Before the Court is Raja and Kaypee's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Also before the Court is ATI's motion to strike the affidavit attached to defendants' reply brief in support of their Rule 12(b)(6) motion to dismiss. For the reasons provided in this Memorandum Opinion and Order, the Court grants ATI's motion to strike and denies defendants' motion to dismiss.

## FACTS

In October 1995, Raja, on behalf of Kaypee, met Veerasikku Bommiasamy ("Samy"), principal of LaSalle Textiles, Inc. ("LaSalle"). (Compl. ¶ 7.) LaSalle sold East Indian textiles domestically and imported from Raja and Kaypee, as well as other East Indian mills. (*Id.*) Samy and Raja also met with Robert Walls ("Walls"), principal of Whitewall Enterprises, Inc., who had taken over the day-to-day operations of LaSalle. (*Id.*) At this time, the parties discussed the possibility of a joint venture. (*Id.*) By late

1995, relations soured between the owners of LaSalle and Walls, and they settled their disputes through litigation. (*Id.* ¶ 8.) In late 1995, Raja initiated many conversations and meetings with Samy in which they began discussing a joint venture to import and market Kaypee textiles in the United States and Canada. (*Id.* ¶ 9.) In exchange for capital contributions from Samy and Raja/Kaypee's ability to make full use of Samy's textile contacts and accounts in the United States and Canada and his related services, Raja agreed that Samy or his U.S. entity would receive full reimbursement of all expenses incurred, and one-third profits from Kaypee's textile sales in the United States and Canada. (*Id.*) Raja assured Samy that he and Kaypee would take all actions necessary to ensure that Samy or his entity could legally share the profits of Kaypee. (*Id.*) Due to the breakdown of relations with Walls over the business of LaSalle, the owners of LaSalle formed a new entity to manufacture, import and market Kaypee's textiles, and incorporated ATI in early 1996. (*Id.* ¶ 10.)

In reliance upon Raja's agreement to pay one-third of Kaypee's profits from U.S. and Canada sales to the newly formed ATI in consideration of its owners' capital contributions, and ability to make full use of Samy's contracts/accounts and related services, Samy, on behalf of ATI, began to raise capital for and undertook significant work toward the parties' alleged venture. (*Id.* ¶ 11.) From 1996 to 2000, Samy/ATI represented Raja/Kaypee in the U.S. and Canada and built up sales to approximately $8 million by procuring many accounts. (*Id.* ¶ 12.) During this period Raja regularly communicated from India with ATI, by phone and fax, regarding the parties' alleged joint venture efforts to sell Kaypee textiles in the U.S. and Canada. (*Id.*)

In furtherance of the parties' joint venture between 1996 and 2000, ATI advanced and incurred expenses for Raja/Kaypee in the approximate amount of $381,778. (*Id.* ¶¶ 13-17.) Despite repeated requests by ATI for an accounting and the payments to which it is entitled, Raja/Kaypee has failed to provide any accounting. (*Id.* ¶ 18.) To date, ATI

has received only $81,000 from or on behalf of Raja/Kaypee. (*Id.*)

In May 2000, Samy met with Raja in India, at which time Raja and his father, K. Palaniswamy Gounder, whom Samy understood to be owner of Kaypee, assured him of ATI's equity ownership position in the parties' Kaypee textile venture. (*Id.* ¶ 20.) In a phone conversation in September 2000, it became clear to Samy that Raja/Kaypee had no intention of sharing profits with or otherwise compensating or reimbursing ATI for its efforts and expenditures. (*Id.* ¶ 21.) ATI demanded an accounting, value of its capital contributions, and all payment, compensation and reimbursement to which it is entitled from defendants. (*Id.* ¶ 22.) In response, defendants have denied that they ever entered into a joint venture with ATI and that ATI invested any monies or otherwise obtained an ownership interest in such a venture. (*Id.* ¶ 23.) In September 2000, Raja began to travel to the U.S. on his own to conduct and promote Kaypee textile business here. (*Id.* ¶ 24.)

Defendants argue that each of ATI's claims is based on an oral contract that could not be performed within one year and, as such, is barred by the Illinois Statute of Frauds, 740 ILL. COMP. STAT. 80/1 *et seq*. They argue that because ATI set forth in its complaint the anticipated time period of more than one year and accordingly there are no set of facts that ATI could allege in an amended complaint to state a claim upon which relief may be granted, the counts against defendants must be dismissed with prejudice.

ATI argues that though the joint venture was originally discussed and agreed upon orally, it was confirmed, promoted, advanced and continuously evidence by and in numerous writings as stated in the Complaint. (Pl.'s Resp. at 2.) ATI further argues that there are no formal requirements for a joint venture agreement, and therefore, its joint venture agreement with defendants does not need to be in writing. (*Id.* at 3.) Finally, ATI argues that Count II (Fraudulent Inducement) and Count IV (Unjust Enrichment) do not sound in contract and cannot be barred by the Statute of Frauds. (*Id.* at 6.)

## DISCUSSION

A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. *Triad Assocs., Inc. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). In ruling on a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Gomez v. Ill. St. Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). If, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. Fed. R. Civ. P. 12(b)(6); *Gomez*, 811 F.2d at 1039. A motion to dismiss may be granted only if the court concludes that "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

### A. Motion to Strike

ATI has moved to strike the affidavit attached to defendants' reply brief in support of their motion to dismiss. When deciding whether to grant or deny a Rule 12(b)(6) motion to dismiss, the court only considers the pleadings. Under Rule 12(b) if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." This matter is not ripe for summary judgment, so the Court will limit its review to the pleadings, and any extraneous material will not be considered.

### B. Joint Venture

"A joint venture is defined as an association of two or more persons to carry out a single enterprise for profit." *O'Connell v. Pharmaco*, 164 Ill. App. 3d 68, 72, 517 N.E.2d 688, 691 (4th Dist. 1987). A joint venture can be inferred from the facts and circumstances with the intent of the parties being the most important element. *Id.*

4

Elements that may be considered in determining the existence of the intent to engage in a joint venture are:

> (1) an express or implied agreement to carry out some enterprise; (2) manifestation of an intent to be associated as a joint venture; (3) a joint interest evidenced by the contribution of property, financial resources, effort, skill, or knowledge by each joint venturer; (4) some degree of joint proprietorship or mutual right to exercise control over the enterprise; and (5) a provision of the joint sharing of profits and losses.

*Id.*

If it is determined that a joint venture exists, the laws of partnership govern that joint venture. *Id.* at 72, 517 N.E.2d at 691-92. Also, "[a] joint adventure may be established without any specific formal agreement to enter into a joint enterprise * * *. It is the nature of the enterprise undertaken that controls, not the form of the agreement. *Reese v. Melahn*, 53 Ill. 2d 508, 513, 292 N.E. 2d 375, 379 (Ill. 1973). In *Reese*, there was no written contract between the parties and the court determined that there was a joint venture created between them. *Id.*

In this case, ATI has alleged the existence of a joint venture. Having properly alleged the existence of a joint venture, it is not proper to dismiss ATI's claims until they have time to prove the existence of this venture. Although there is no written contract evidencing this joint venture, Illinois law makes it clear that this is not necessary.

### C. Applicability of Statute of Frauds

Defendants assert that all of ATI's claims are based on an oral contract that could not be performed within a year and are therefore barred by the Statute of Frauds, 740 ILL. COMP. STAT. 80/1 *et seq.* ATI concedes that the original joint venture was agreed upon orally, however, ATI also contends that it was later confirmed, promoted, advanced, and

5

continuously evidenced in numerous writings. (Pl.'s Resp. at 2.) It is clear that ATI's actions stemming from the agreement lasted from 1996 until 2000, so the contract was not performed in a year. (Compl. ¶ 12.) However, there is no statement in the complaint that the original agreement could not have been completed in one year at the time it was entered into. ATI asserts that the Statute of Frauds is not applicable because there are no formal requirements for forming a joint venture. (Pl.'s Resp. at 3.) Since all of ATI's claims are state law claims, Illinois law applies.

The first issue is whether the Statute of Frauds makes the agreement between defendants and ATI unenforceable. The Statute of Frauds states that "any agreement that is not to be performed within the space of one year from the making thereof . . . shall be in writing, and signed by the party to be charged therewith . . . ." 740 ILL. COMP. STAT. 80/1. This would render a contract to be performed over five years void. However, in this case, while the performance by ATI lasted for five years, there is no evidence at this point to support or refute the possibility that at the time of the alleged agreement, the contract could not have been performed in one year since the agreement was to work together to market textiles that theoretically could have ended at any point. Still, the fact that ATI performed for five years does seem to make it more likely than not that this contract could not have been performed in one year.

ATI also argues that the oral agreement was evidenced by many numerous writings. (Pl.'s Resp. at 2.) "Two or more writings may satisfy the writing requirement of the statute as long as 'all the essential terms are stated with reasonable certainty and the documents are connected in such a way that they may be said to relate to the same contract.'" *Trustmark Ins. Co. v. General Cologne Life Reinsurance of Am.*, No. 00 C 1926, 2001 WL 1268539, at *9 (N.D. Ill. Oct. 22, 2001) (quoting *Pillay v. G.C. Servs. Ltd. Partnership*, No. 98 C 1198, 1998 WL 242135, at *2 (N.D. Ill. May 6, 1998)). Because of Rule 8(a)(2)'s notice pleading standard, there is no requirement that ATI

6

attach copies of the writings that satisfy the Statute of Frauds at this point in the litigation.

Even if the Statute of Frauds did apply to this agreement, there is a possibility that ATI could receive compensation for what it contributed to the alleged joint venture or could get the oral contract enforced based on a theory of partial performance. "Under Illinois law, a party may not assert the statute of frauds where there has been sufficient partial performance of a contract in reliance upon that party's promises or conduct." *Trustmark*, 2001 WL 1268539, at *11.

In this case, ATI alleges it performed due to its reliance on its alleged joint venture agreement with defendants. ATI alleges that it advanced and incurred approximately $381,778 in expenses in reliance on defendants' promises and conduct related to the alleged joint venture. (Compl. ¶¶ 13-17.) ATI should have the opportunity to establish that: (1) it did, in fact, partially perform and (2) it is entitled at the very least to compensation for what it did. *Aviation Resource Partners, Inc. v. BAA USA, Inc.*, No. 95 C 6117, 1997 WL 610326, at *5 (N.D. Ill. Sep. 29, 1997).

Assuming all factual assertions in the complaint as true, ATI has sufficiently alleged a breach of a joint venture agreement that is not barred by the Statute of Frauds as well as fraudulent inducement. It follows that ATI's tortious interference with contract (Count III) and unjust enrichment (Count IV) claims remain as they are based on that agreement. Therefore, the Court denies defendants' motion to dismiss.

## CONCLUSION

For the reasons set forth above, the Court denies defendants' motion to dismiss [doc. no. 6-1] and grants plaintiff's motion to strike [doc. no. 12-1].

SO ORDERED. 9-11-02          ENTER:

*Ronald A. Guzman*
HON. RONALD A. GUZMAN
United States Judge